IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CT-03307-D

| | |
|---|---|
| **Percy James Tucker,**<br><br>        Plaintiff,<br>v.<br><br>**Attorney General, Lorretta Lynch**, *et al*.,<br><br>        Defendants. | **Order &**<br>**Memorandum & Recommendation** |

Plaintiff Percy James Tucker ("Tucker"), a federal inmate proceeding *pro se*, commenced this civil action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) on December 1, 2015. This matter is currently before the court for the screening required by the Prison Litigation Reform Act ("PLRA"). Also before the court are Tucker's motions to compel (D.E. 9, 10) and motion to appoint counsel (D.E. 11) For the following reasons, Tucker's motions are denied, and the undersigned magistrate judge recommends that the district court dismiss Tucker's claims without prejudice.

**I.     Motions to Compel**

Tucker has filed two motions to compel pursuant to Rule 37 of the Federal Rules of Civil Procedure. These motions are not a model of clarity, and therefore it is not clear precisely what discovery he seeks from defendants. Regardless, defendants have not yet been served in this action. Accordingly, Tucker's motions to compel (D.E. 9, 10) are denied as premature.

1

## II. Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (quoting *Branch v. Cole*, 686 F.2d 264 (5th Cir. 1982)); *see also Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Tucker's action is not complex, and he has demonstrated through the detail of his filings that he is capable of proceeding *pro se*. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, Tucker's motion requesting that he be appointed counsel (D.E. 11) is denied.

## III. Screening Pursuant to the Prison Litigation Reform Act.

The PLRA requires courts to review, prior to docketing, actions filed by prisoners against governmental entities or officials. 28 U.S.C. § 1915A(a). The purpose of this review is to eliminate those claims that unnecessarily impede judicial efficiency and the administration of justice. The court must examine the pleadings, identify cognizable claims, and dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may

2

Case 5:15-ct-03307-D   Document 13   Filed 06/01/16   Page 2 of 5

be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

The court may dismiss a complaint as frivolous due to either legal or factual shortcomings. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A cause of action is legally frivolous if it is "based upon an indisputably meritless legal theory and include[s] claims of infringement of a legal interest which clearly does not exist." *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). A complaint is factually frivolous when its factual allegations are "fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).

Here, Tucker seeks monetary damages because he was "wrongfully accused" of the crime for which he is currently incarcerated. Compl. at 9, D.E. 1. However, a plaintiff cannot recover monetary damages for alleged constitutional violations when such recovery would imply the invalidity of an underlying conviction unless he can "prove that the conviction . . . has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see Omar v. Chasanow*, 318 F. App'x 188, 189 & n.* (4th Cir. 2009) (per curiam) (unpublished) (collecting cases); *Michau v. Charleston Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). "A district court must undertake a case specific analysis to determine whether success on the claims would necessarily imply the invalidity of a conviction or sentence." *Thigpen v. McDonnell*, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished). Tucker alleges that he has been falsely imprisoned, and thus his claim for damages necessarily relies on the invalidity of his conviction. Because

3

Tucker's conviction has not been overturned or otherwise invalidated, his efforts to recover damages fail. Accordingly, Tucker's claims should be dismissed without prejudice.

IV.     **Conclusion**

As discussed above, Tucker's motions are denied, and the undersigned magistrate judge recommends that the district court dismiss Tucker's claims without prejudice.

The Clerk of Court shall serve a copy of this Memorandum and Recommendation on Plaintiff. Plaintiff shall have until 14 days after service of the Memorandum and Recommendation on him to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a *de novo* determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If plaintiff does not file written objections to the Memorandum and Recommendation by the foregoing deadline, he will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, plaintiff's failure to file written objections by the foregoing deadline will bar him from appealing to the Court of Appeals from an order or judgment of the presiding district judge based on the**

4

**Memorandum and Recommendation.** *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

Dated: June 1, 2016

*Robert T Numbers II*
_____
ROBERT T. NUMBERS, II
UNITED STATES MAGISTRATE JUDGE