IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CT-3307-D

PERCY JAMES TUCKER, )
)
          Plaintiff, )
)
v. ) **ORDER**
)
ATTORNEY GENERAL, LORETTA )
LYNCH, et al., )
)
          Defendants. )

On June 1, 2016, Magistrate Judge Numbers issued a Memorandum and Recommendation ("M&R") [D.E. 13]. In that M&R, Judge Numbers recommended that the court dismiss Percy James Tucker's ("Tucker") 42 U.S.C. § 1983 complaint. Tucker filed objections to the M&R [D.E. 14, 23].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted). Moreover, the court need not conduct a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Wells v. Shriners Hosp., 109 F.3d 198, 200–01 (4th Cir. 1997). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as

the statute directs the district court to review only those portions of the report or specified proposed findings or recommendations to which objection is made." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007).

Tucker's objections largely reiterate arguments stated in his complaint, and his objections do not meaningfully rebut Judge Numbers' recommendations. Compare M&R 2–4 with Objs. [D.E. 14]. Because Tucker's objections fail to meaningfully address the M&R, de novo review is not required. See, e.g., Wells, 109 F.3d at 200–01; Orpiano, 687 F.2d at 47.

Alternatively, Tucker's objections lack merit. In his complaint, Tucker, a federal inmate proceeding pro se, seeks monetary damages because he was "wrongfully accused" of the crime for which he is currently incarcerated. Compl. [D.E. 1] 9. Tucker's conviction, however, has not been overturned or invalidated. Thus, Tucker may not pursue his claim for monetary damages under section 1983. M&R 3; see Wilkinson v. Dotson, 544 U.S. 74, 81–83 (2005); Heck v. Humphrey, 512 U.S. 477, 486–87 (1994); Thigpen v. McDonnell, 273 F. App'x 271, 272 (4th Cir. 2008) (per curiam) (unpublished).

In sum, after reviewing the M&R, the record, and Tucker's objections, the court is satisfied that there is no clear error on the face of the record. Accordingly, Tucker's objections [D.E. 14, 23] are OVERRULED, and the court adopts the conclusions in the M&R [D.E. 13]. Tucker's complaint is DISMISSED, and his pending motions [D.E. 19, 21] are DENIED as moot. The clerk shall close the case.

SO ORDERED. This _28_ day of March 2017.

JAMES C. DEVER III
Chief United States District Judge

2

Case 5:15-ct-03307-D   Document 25   Filed 03/28/17   Page 2 of 2